**In re KEMP PACIFIC FISHERIES, INC., Debtor.**

**FLYCO, INC., a Washington corporation, et al., Plaintiffs,**

v.

**KEMP PACIFIC FISHERIES, INC., a Washington corporation, et al., Defendants.**

**No. C89–1804Z.**

United States District Court, W.D. Washington, N.D.

Sept. 19, 1990.

George E. Frasier, Joseph E. Shickich, Jr., Riddell, Williams, Bullitt & Walkinshaw, Lawrence R. Ream, Shulkin, Hutton & Bucknell, Seattle, Wash., for debtor, Kemp Pacific Fisheries and defendants Kemp Pacific Fisheries, Inc., Philip Morris Credit Corp., Nicherei Corp., U.S. Bank of Washington and Western Pioneer d/b/a Delta Western.

Geoffrey Groshong, Erickson & Groshong, Kenneth C. Weil, Skellinger, Bender, Mathias, Bender & Gould, P.S., Seattle, Wash., for plaintiffs Flyco, Inc., U.S. Dominator, Inc., Thor Olsen and American Eagle and Owners.

## ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT

ZILLY, District Judge.

THIS MATTER comes before the Court on appeal from an order by the Bankruptcy Court granting summary judgment in favor of appellee Philip Morris Credit Corporation. This Court has reviewed the decision of Bankruptcy Judge Thomas Glover together with the materials submitted by the parties. The Court AFFIRMS that decision for the reasons stated below.

## STATEMENT OF FACTS

In June 1988, appellee Philip Morris Credit Corp. ("PMCC") provided Kemp Pacific Fisheries, Inc. ("KPF") with a $2.4 million loan and a revolving line of credit of up to $8.5 million. The parties signed a security agreement which granted PMCC, *inter alia,* a first priority security interest in KPF's inventory. Within the statutory period, on June 13, 1988, PMCC filed a UCC–1 financing statement with the central filing office of the Department of Natural Resources, in Anchorage, Alaska.

In early 1989, appellants Flyco, Inc.; U.S. Dominator, Inc.; Thor Olsen; and American Eagle and Owners (collectively, "the Fishermen") supplied fish and fish products to the debtor. On March 21, 1989, the Fishermen perfected liens in KPF's fish inventory by recording claims of liens in the Aleutian Recording District. Those liens exceed $1.1 million in principal sum.

KPF defaulted on its loan with PMCC and failed to pay the Fishermen. KPF filed for bankruptcy in April 1989. PMCC and the Fishermen assert competing claims to proceeds from the sale of the fish inventory. Bankruptcy Judge Thomas Glover, applying Alaskan law, ruled that PMCC's security interest was entitled to priority over the Fishermen's liens. The Fishermen appeal that decision.

The issue presented is whether PMCC's previously perfected Article 9 security interest in debtor's fish inventory is entitled to priority over the Fishermen's statutory liens. By prior order this Court denied the Fishermen's motion to certify this question to the Alaskan Supreme Court. Neither party requested oral argument.

## STANDARD OF REVIEW

■ The issue on appeal involves the proper construction of two conflicting statutory schemes. Questions of statutory construction are reviewed de novo. *In re Orvco, Inc.,* 95 B.R. 724, 726 (9th Cir. BAP 1989). Appellants do not dispute Judge Glover's findings of fact.

## DISCUSSION

■ There plainly is a tension between the statutory schemes authorizing UCC security interests under AS 45.09.401 and fishermen's liens under AS 34.35.391. Alaskan law requires a secured party to file a financing statement in order to perfect its UCC security interest. The proper place to file depends on the nature of the collateral:

(1) if the collateral is consumer goods, or is equipment used in farming operations, or farm products, or accounts, or general intangibles arising from or relating to the sale of farm products by a farmer, then in the office of the recorder in the recording district of the debtor's residence ...;

(2) if the collateral is timber to be cut or is minerals or the like (including oil and gas) ... or when the financing statement is filed as a fixture filing ..., then in the office where a mortgage on the real estate concerned would be filed or recorded;

(3) *in all other cases, in the office of the Department of Natural Resources.*

AS 45.09.401(a) (emphasis supplied). On June 13, 1988, PMCC filed a financing statement in the central office of the Department of Natural Resources, located in Anchorage. The Fishermen do not dispute PMCC's compliance with AS 45.09.401(a)(3).

Debtor KPF's fish inventory was caught by appellant Fishermen and delivered to the debtor within the territorial jurisdiction of the Aleutian Recording District. On March 21, 1989, the Fishermen perfected liens in the inventory by recording, pursuant to AS 34.35.391, their claims in the Aleutian Recording District. That statute creates a "fishermen's lien" under the following conditions:

(a) A person who sells fish to a fish processor ... or to a primary fish buyer ... or to a cooperative corporation ..., and receives a fish ticket or a record of purchase ... has a lien upon the property of the fish processor, primary fish buyer, or cooperative corporation for the value of the fish.

(b) A person who claims the benefit of this section shall, within 90 days of the date the fish are sold, *record a claim of lien in the recorder's office of the recording district where the fish were sold.*

(c) *The lien provided in this section is preferred, prior, and superior to a* *mortgage, attachment, claim, or demand made or recorded in the recording district in which the property is located after the date on which the fish are delivered to the buyer of the fish.*

AS 34.35.391 (emphasis supplied).[1]

The Fishermen argue that, pursuant to AS 34.35.391(c), PMCC was obligated to record notice of its security interest in the Aleutian Recording District. PMCC counters that, pursuant to AS 45.09.401(a)(3), it perfected its security interest, valid throughout the state of Alaska, upon filing its UCC–1 financing statement with the central office of the Department of Natural Resources. Thus, PMCC argues, it "made" its claim under AS 34.35.391(c) more than nine months prior to the appellants' statutory liens. The parties agree that there are no reported decisions interpreting AS 34.35.391.

This Court rejects the statutory construction urged by appellants. To accept their view would be to hold that a secured party who has met the statutory requirements for perfecting an Article 9 security interest must nonetheless record notice of its interest in each of the local recording districts wherein the encumbered property may be found. This is not an insubstantial burden. PMCC represents that there are 34 local recording districts in Alaska, 23 of which encompass coastal areas. The construction advanced by appellants is also at odds with the general principle of first in time, first in right. *See Nystrom v. Buckhorn Homes, Inc.,* 778 P.2d 1115, 1120 (Alaska 1989) (discussing mechanic's lien).

■ This Court also finds persuasive the legislative history surrounding creditor's rights in Alaska. The Alaskan Legislature adopted the Uniform Commercial Code twenty years prior to enacting the fishermen's lien statute. Appellants contend the Legislature must have been prompted by an overriding desire to protect state fishermen when it enacted AS 34.35.391. However, in at least two instances the Alaskan Legislature has seen fit to establish para-

1. The statute was amended prior to the liens in dispute here. Judge Glover incorrectly quoted the pre-amendment version at oral argument. The amendment substituted the words "record" and "recorded" for "file" and "filed" in subsections (b) and (c), respectively.

mount priority for certain types of lien claims, regardless of when the competing claims attached. *See* AS 34.35.255 (timber); AS 34.35.435 (wages). More frequently, the Legislature has granted lien preference only as against claims made subsequent to the events giving rise to the lien. *See, e.g.,* AS 34.35.060 (mechanics and materialmen); AS 34.35.135 (mines and wells); AS 34.35.200 (improvement of chattels); AS 34.35.340 (fish packers and processors); AS 34.35.425 (watchmen).

The fishermen's lien statute falls in this latter category, and the rights conferred thereunder are less expansive than those under the timber and wage lien statutes. *Cf.* RCW 60.13.050(1)(a) (commercial fishermen under Washington law are entitled to lien upon fish inventory that is prior to "all other liens or security interests" regardless of when they attached). There is no basis for holding that the PMCC, who otherwise held a perfected security interest, was required to record notice of the same in the local recording district to secure its interest against the appellants' statutory lien claims.

The judgment enter by Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.